UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| PRAIRIE FARMS DAIRY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) 1:13–cv-00085-PPS |
| v. | ) |
| | ) |
| RETAIL, WHOLESALE AND | ) |
| DEPARTMENT STORE UNION, | ) |
| UFCW, LOCAL NO. 810, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Prairie Farms Dairy, Inc. moved for summary judgment on October 25, 2013 (Docket Entry 40), defendant Local No. 810 responded (DE 42), and the motion was fully briefed on November 21, 2013 when Prairie Farms replied (DE 46). The parties are **ORDERED** to appear in my courtroom for oral argument on the motion for summary judgment on **Friday, January 3, 2014 at 10 a.m. EST (Hammond time)**.

Local No. 810 moved for sanctions against Prairie Farms on November 27, 2013. (DE 47.) Prairie Farms moved to stay the sanctions motion until the motion for summary judgment is decided, because the two issues overlap. (DE 50.) The basis for the motion for sanctions is 28 U.S.C. § 1927, which allows for assessment of costs and fees to an attorney who multiplies court proceedings unreasonably and vexatiously. Local No. 810 argues that Prairie Farms's case for overturning the arbitrator's award is frivolous, and Prairie Farms was put on notice of that fact by the arbitrator's decisions in this matter in favor of Local No. 810. So determination of the motion for sanctions comes down to whether Prairie Farms's counsel has behaved frivolously in the pursuit of this case, and overlaps with the disposition of the case, which is what the motion

for summary judgment may determine. I will therefore consider the motion for sanctions only after I have considered the motion for summary judgment, so I **GRANT** Prairie Farms's motion to stay the motion for sanctions. (DE 50.)

**SO ORDERED.**

ENTERED: December 6, 2013

/s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
